IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

HENRY & EDDIE MAE CLAY, ET AL.,                                          PLAINTIFFS,

VS.                                              CIVIL ACTION NO. 4:02CV169-P-B

FIRST FAMILY FINANCIAL SERVICES,
INC., ET AL.,                                                             DEFENDANTS.

ORDER

This matter comes before the court upon Motion for Summary Judgment of Defendants First Family Financial Services, Inc., Associates First Capital Corporation, Citifinancial, Inc., and Citigroup, Inc. [62-1]. Upon due consideration of the motion and the responses thereto the court finds as follows, to-wit:

The motion is well-taken and should be granted pursuant to *Ross v. Citifinancial, Inc.*, 344 F.3d 458 (5th Cir. 2003). The three-year statute of limitations in this case is governed by Mississippi Code Annotated § 15-1-49(1). It is undisputed that all of the claims clearly arose in this case before May 30, 1999. This case was filed on May 30, 2002. Therefore, the statute of limitations for the instant claims have run.

Plaintiffs counter with unavailing arguments, including primary argument that the three-year statute of limitations was tolled under Mississippi's doctrine of fraudulent concealment. As the Fifth Circuit Court of Appeals discussed in *Ross*, Mississippi law provides that in order to prove fraudulent concealment to toll the statute of limitations, the plaintiffs must prove that: (1) the defendants engaged in affirmative acts of concealment; and (2) "though [Plaintiffs] acted with due diligence in attempting to discover [the claim], they were unable to do so." *Ross*, 344 F.3d 458

1

(quoting *Robinson v. Cobb*, 763 So.2d 883 (Miss.2000)). Plaintiffs have submitted no evidence in this case of subsequent affirmative acts of concealment on the part of the defendants.

Nor can the plaintiffs prove due diligence. Also cited by *Ross*, Mississippi law provides that "a party is under an obligation to read a contract before signing it, and *will not as a general rule be heard to complain of an oral misrepresentation the error of which would have been disclosed by reading the contract.*" *Id.* at 464 (quoting *Godfrey, Bassett & Kuykendall Architects, Ltd. v. Huntington Lumber & Supply Co., Inc.*, 584 So.2d 1254, 1257 (Miss.1991)) (emphasis by the Fifth Circuit). Further, the Mississippi Supreme Court in *Godfrey* wrote:

> [I]nsured are bound as a matter of law by the knowledge of the contents of a contract in which they entered notwithstanding whether they actually read the policy. Any alleged oral agreement in this case does not have any effect on the written insurance contract.

*Ross*, 344 F.3d at 465 (quoting *Godfrey*, 850 So.2d at 82).

It is fundamental to the very core of a viable economy that a person is bound by the contents of a contract she signs, whether she reads it or not. *See*, *Stephens v. Equitable Life Assur. Society of the U.S.*, 850 So.2d 78, 83084 (Miss. 2003); *Massey v. Tingle*, 867 So.2d 235, 240 (Miss. 2004) ("[I]n Mississippi, a person is charged with knowing the contents of any document that he executes."); *Turner v. Terry*, 799 So.2d 25, 36 ("[P]arties to an arms-length transaction are charged with a duty to read what they sign; failure to do so constitutes negligence."); *McKenzie Check Advance of Mississippi, LLC v. Hardy*, 866 So.2d 446, 455 (Miss. 2004) ("It is well settled under Mississippi law that a contracting party is under a legal obligation to read a contract before signing it."); *Washington Mutual Finance Group, LLC v. Bailey*, 364 F.3d 260, 262-63 (even a illiterate person is charged with reading a contract).

To agree with the plaintiffs' positions in opposition to the instant motion for summary judgment would be to begin the unraveling of centuries of contract law. One must read a contract before signing it. If one cannot understand it, he or she must seek assistance in understanding it by a third party. If this is not possible, then he or she should not sign the contract. The very requirement of a signature on a contract evinces society's belief that the creation of an agreement that legally binds two or more parties requires proof of that agreement. This proof usually comes in the form of signatures and/or performance. Agreeing with the plaintiffs' arguments would severely attenuate, if not destroy, the inveterate concepts of puffery and *caveat emptor* or "buyer beware."

With regard to the claims of Louisa Smith, it is undisputed that there is no evidence that she ever purchased any insurance in her loan transaction. Thus, summary judgment should be granted against her as well.

Furthermore, as alluded to above, the court finds no merit in the plaintiffs' argument that the plaintiffs' statute of limitations periods were tolled because of a class action in Arizona state court and another in Arizona state court. There is no evidence that the instant plaintiffs are class members, nor have the plaintiffs pointed to Mississippi law recognizing the class-action tolling principle. Likewise, the plaintiffs argument that there is a genuine issue of material fact that the defendants owed the plaintiffs a fiduciary duty is without merit. *Ross*, 344 F.3d at 466 ("Under Mississippi law, there is no fiduciary relationship or duty between an insurance company and its insured in a first party insurance contract.").

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) Motion for Summary Judgment of Defendants First Family Financial Services, Inc., Associates First Capital Corporation, Citifinancial, Inc., and Citigroup, Inc. [62-1] is hereby

**GRANTED**; accordingly,

(2) The claims of Roberta Clay, Lula Gooden, Willie Hudson, Angela Jackson, Lula Langley, Betty Malone, Linda Morris, Dorothy Person, Callie Mae Phillips, Earnestine Taylor, Eddie Williams, and Louisa Smith are hereby **DISMISSED WITH PREJUDICE**.

**SO ORDERED** this 18th day of August, A.D., 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE
